# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10-CR-0173-001-CVE |
| CLAYTON JOSIAH VADEN, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for U.S. Marshal transport back into custody (Dkt. # 80). Defendant, an inmate in the Osage County jail awaiting designation and transportation to an Oklahoma penal facility, requests that the Court order his release from state custody for transportation to the U.S. Bureau of Prisons (BOP) to serve the pendency of the instant sentence.

On October 27, 2010, defendant was arrested in Osage County (District Court Case No. CF-2010-319). On September 22, 2011, defendant made an appearance in the instant case pursuant to a writ of habeas corpus ad prosequendum. He was ordered detained pending disposition of the instant matter. On November 18, 2011, defendant pled guilty to count two of the indictment charging felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and, on February 23, 2012, he was sentenced to 60 months in the custody of the BOP, said term to run concurrently with any term imposed in Osage County Case CF-2010-319. Defendant subsequently entered pleas of guilty in Osage County Case CF-2010-319, and was sentenced to an eight-year aggregate imprisonment term to run concurrently with the instant case. Further, defendant is awaiting disposition in Tulsa County District Court Case Nos. CF-2010-3720 and CF-2010-4061.

Defendant was first arrested by state authorities and, relative to that arrest, was ultimately convicted and sentenced to a term of imprisonment in the custody of the Oklahoma Department of Corrections. He was in the primary custody of the State of Oklahoma when he appeared on a writ for disposition of the instant case, and was returned to state custody following sentencing. "Whether custody of a prisoner will be surrendered or retained is a matter of comity and is to be determined by the sovereign having custody." Gee v. Kansas, 912 F.2d 414, 417 (10th Cir. 1990). Under the principle of primary custody, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002). When two different sovereigns sentence an inmate for separate crimes, the sovereign that first arrested him acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. United States v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002). See also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998), and United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993).

The State of Oklahoma alway had, and continues to retain, primary jurisdiction and custody of defendant. There is no evidence that the state has relinquished its custody right. This Court has no authority to order defendant's release from state custody for transportation to the BOP for service of the instant sentence.

**IT IS THEREFORE ORDERED** that defendant's motion for U.S. Marshal transport back into custody (Dkt. # 80) is **denied**.

**DATED** this 19th day of December, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE